[11 NE3d 174, 988 NYS2d 101]

JAMES L. MELCHER, Appellant, v GREENBERG TRAURIG, LLP, et al., Respondents.

Argued February 13, 2014; decided April 1, 2014

**POINTS OF COUNSEL**

*Hinman Straub PC*, Albany (*James T. Potter* of counsel), and *Jeffrey A. Jannuzzo*, New York City, for appellant. I. The six-year limitations period of CPLR 213 (1) applies to Judiciary Law § 487 claims. (*Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201; *Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169; *Hartnett v New York City Tr. Auth.*, 86 NY2d 438; *State of New York v Cortelle Corp.*, 38 NY2d 83; *Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43; *People v Cunningham*, 2 NY3d 593; *People v Jelke*, 308 NY 56; *Matter of United Press Assns. v Valente*, 308 NY 71; *Matter of Abrams v Brady*, 77 NY2d 741; *Matter of Morgenthau v Altman*, 58 NY2d 1057.) II. Defendants are equitably estopped from asserting their statute of limitations defense. (*Simcuski v Saeli*, 44 NY2d 442; *General Stencils v Chiappa*, 18 NY2d 125; *Medco Plumbing, Inc. v Sparrow Constr. Corp.*, 22 AD3d 647; *Abraham v Kosinski*, 305 AD2d 1091; *Kilstein v Agudath Council of Greater N.Y.*, 133 AD2d 809; *Corsello v Verizon N.Y., Inc.*, 18 NY3d 777; *Giannetto v Knee*, 82 AD3d 1043; *Vigliotti v North Shore Univ. Hosp.*, 24 AD3d 752.) III. Even under a three-year statute of limitations, this action is timely because plaintiff's claim did not accrue until plaintiff knew of Leslie Corwin's deceit. (*Sielcken-Schwarz v American Factors, Ltd.*, 265 NY 239; *Renz v Beeman*, 589 F2d 735; *Abbate v Abbate*, 82 AD2d 368; *Flanagan v Mount Eden Gen. Hosp.*, 24 NY2d 427.) IV. The retroactive shortening of the statute of limitations for Judiciary Law § 487 claims violates James Melcher's due process rights. (*Guardian Life Ins. Co. of Am. v Handel,*

190 AD2d 57; *New York City Tr. Auth. v Morris J. Eisen, P.C.,* 203 AD2d 146; *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184; *Brothers v Florence,* 95 NY2d 290.)

*Simpson Thacher & Bartlett LLP,* New York City (*Roy L. Reardon, Michael J. Castiglione* and *Rae C. Adams* of counsel), for respondents. I. The Appellate Division correctly held that the statute of limitations is three years for a Judiciary Law § 487 claim. (*Amalfitano v Rosenberg,* 12 NY3d 8; *Guardian Life Ins. Co. of Am. v Handel,* 190 AD2d 57; *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214; *Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169; *Banca Commerciale Italiana, N.Y. Branch v Northern Trust Intl. Banking Corp.,* 160 F3d 90; *New York City Tr. Auth. v Morris J. Eisen, P.C.,* 203 AD2d 146.) II. The Appellate Division was correct to reject the application of the equitable estoppel doctrine. (*Putter v North Shore Univ. Hosp.,* 7 NY3d 548; *Matter of Wilson v McGlinchey,* 2 NY3d 375; *Benn v Benn,* 82 AD3d 548; *Island ADC, Inc. v Baldassano Architectural Group, P.C.,* 49 AD3d 815; *Massie v Crawford,* 78 NY2d 516; *Williams v New York City Health & Hosps. Corp.,* 84 AD3d 1358; *McCarthy v Volkswagen of Am.,* 55 NY2d 543; *East Midtown Plaza Hous. Co. v City of New York,* 218 AD2d 628; *Townley v Emerson Elec. Co.,* 269 AD2d 753; *Babigian v Association of the Bar of the City of N.Y.,* 744 F Supp 47.) III. The Appellate Division and Supreme Court correctly held that James Melcher's sole claim accrued more than three years before he commenced his action against the Greenberg Traurig, LLP defendants. (*Sargiss v Magarelli,* 12 NY3d 527; *Jacobus v Colgate,* 217 NY 235; *Parmenter v State of New York,* 135 NY 154; *Corsello v Verizon N.Y., Inc.,* 18 NY3d 777; *Wender v Gilberg Agency,* 276 AD2d 311; *Sielcken-Schwarz v American Factors, Ltd.,* 265 NY 239.) IV. James Melcher's "due process" rights were not "violated." (*Matter of Barbara C.,* 64 NY2d 866; *Jorgensen v Silverman,* 224 AD2d 665; *Nussenzweig v diCorcia,* 9 NY3d 184; *Clowes v Pulver,* 258 AD2d 50; *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184; *Gager v White,* 53 NY2d 475; *People v Favor,* 82 NY2d 254; *People v Hill,* 85 NY2d 256; *Gersten v 56 7th Ave. LLC,* 88 AD3d 189.)

## OPINION OF THE COURT

READ, J.

Judiciary Law § 487 exposes an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" to criminal

(misdemeanor) liability and treble damages, to be recovered by the injured party in a civil action. After plaintiff James L. Melcher (Melcher) brought this action for attorney deceit against defendants Greenberg Traurig, LLP and Leslie Corwin (collectively, defendants), defendants moved to dismiss, arguing that the lawsuit was precluded by the three-year limitations period in CPLR 214 (2). This provision governs "an action to recover upon a liability, penalty or forfeiture created or imposed by statute," with exceptions not relevant here.

Melcher countered that his action was timely because the applicable statute of limitations was CPLR 213 (1). This so-called "catch-all" or residual provision requires "an action for which no limitation is specifically prescribed by law" to be brought within six years of a claim's accrual. Alternatively, Melcher contended that defendants were equitably estopped from asserting their statute-of-limitations defense; and that, in any event, his claim accrued within the three-year limitations period.

Supreme Court denied defendants' motion to dismiss. While the trial judge agreed with defendants that the applicable statute of limitations was the three-year period in CPLR 214 (2), she concluded that defendants were equitably estopped from asserting this defense (2011 NY Slip Op 34074[U] [2011]). Upon defendants' appeal, the Appellate Division, with two Justices dissenting, reversed, granted defendants' motion and dismissed Melcher's amended complaint in its entirety (102 AD3d 497 [1st Dept 2013]).

The majority in the Appellate Division decided that the doctrine of equitable estoppel did not apply, and that Melcher's claim accrued outside the three-year limitations period. The dissenting Justices expressed no opinion on equitable estoppel, but disagreed with the majority as to whether Melcher's claim was timely. Thus, all five appellate judges agreed with Supreme Court that CPLR 214 (2), rather than CPLR 213 (1), governs an action under Judiciary Law § 487 for attorney deceit; they simply differed over the legal question of when Melcher's claim accrued based on the pleaded facts. Melcher appealed as of right, based on the two-Justice dissent (see CPLR 5601 [a] [1]), and we denied defendants' subsequent motion to dismiss the appeal on the ground that the dissent was not on a question of law (21 NY3d 908 [2013]). We now reverse.

A few years ago, the United States Court of Appeals for the Second Circuit certified to us the question of whether "a successful lawsuit for treble damages brought under [Judiciary

Law § 487 could] be based on an attempted but unsuccessful deceit" (*Amalfitano v Rosenberg*, 533 F3d 117, 126 [2d Cir 2008]). The attorney-defendant in *Amalfitano* argued that a section 487 claim was analogous to fraud, which requires an element of reliance, and therefore no recovery could be made for an attempted but unsuccessful deceit practiced on the court. In *Amalfitano v Rosenberg* (12 NY3d 8 [2009]), we disagreed, observing that section 487 "[was] not a codification of" and "[did] not derive from common-law fraud" (*id.* at 12, 14), but instead "descend[ed] from the first Statute of Westminster, . . . adopted by the Parliament summoned by King Edward I of England in 1275" (*id.* at 12).

Here, Supreme Court and the Appellate Division essentially (and understandably) interpreted the words "derive from" and "descend[ ] from" as used in *Amalfitano* in their narrowest possible sense to mean "originated in" the first Statute of Westminster; hence, they concluded, an action for attorney deceit is governed by the three-year period for recovery "upon a liability, penalty or forfeiture created or imposed by statute" (CPLR 214 [2]). This marked a change in the law because the Appellate Division had previously held that a claim for attorney deceit was governed by the six-year statute of limitations applicable to common-law fraud (CPLR 213 [8]), as opposed to the three-year period in CPLR 214 (2) (*see Guardian Life Ins. Co. of Am. v Handel*, 190 AD2d 57 [1st Dept 1993]; *New York City Tr. Auth. v Morris J. Eisen, P.C.*, 276 AD2d 78 [1st Dept 2000]). As the courts below recognized, though, *Amalfitano* renders these decisions invalid. But an action for attorney deceit is not necessarily an action to recover under a statute just because it may be traced back to the first Statute of Westminster rather than common-law fraud.

Melcher points out that English statutory and common law became New York common law as part of the Colonial-era incorporation or "reception" of English law into New York law. As explained in *Bogardus v Trinity Church* (4 Paige Ch 178, 198 [1833]),

> "[t]he common law of the mother country as modified by positive enactments, together with the statute laws which are in force at the time of the emigration of the colonists, *become in fact the common law rather than the common and statute law of the colony*. The statute law of the mother country,

therefore, when introduced into the colony of New-York, by common consent, because it was applicable to the colonists in their new situation, and not by legislative enactment, became a part of the common law of this province" (*see also Beers v Hotchkiss*, 256 NY 41, 54 [1931, Cardozo, Ch. J.] ["'(T)he statutes of the mother country in existence at the settlement of a colony . . . are deemed to have entered into the fabric of the common law, and like the common law itself became law in the colony unless unsuited to the new conditions" (emphasis added)]).

A cause of action for attorney deceit therefore existed as part of New York's common law before the first New York statute governing attorney deceit was enacted in 1787 (*see Amalfitano*, 12 NY3d at 12 [discussing L 1787, ch 35, § 5]). The 1787 statute enhanced the penalties for attorney deceit by adding an award for treble damages, but did not create the cause of action (*see State of New York v Cortelle Corp.*, 38 NY2d 83, 85 [1975] ["Statutory provisions which provide only additional remedies or standing do not create or impose new obligations," within the meaning of CPLR 214 (2)]; *see also Orr v Kinderhill Corp.*, 991 F2d 31, 34 [2d Cir 1993] ["That the statute merely enlarges the common-law scheme of liability or grants additional remedies is insufficient to bring it within CPLR 214 (2)"]).

■ Thus, even if a claim for attorney deceit *originated* in the first Statute of Westminster rather than preexisting English common law (a question unresolved by *Amalfitano* and disputed by the parties in this case), liability for attorney deceit existed at New York common law prior to 1787. As a result, claims for attorney deceit are subject to the six-year statute of limitations in CPLR 213 (1). Because of our disposition of this appeal, we do not reach and need not resolve Melcher's other arguments.

Accordingly, the order of the Appellate Division should be reversed, with costs, and defendants' motion to dismiss the complaint denied.

Chief Judge Lippman and Judges Graffeo, Smith, Pigott and Rivera concur; Judge Abdus-Salaam taking no part.

Order reversed, with costs, and defendants' motion to dismiss the complaint denied.