OPINION OF THE COURT
Shirley Werner Kornreich, J.
Plaintiff, Capitol Records, LLC, moves for partial summary judgment on liability against defendant Harrison Greenwich, LLC pursuant to CPLR 3212. Harrison opposes and cross-moves: (1) to amend its answer pursuant to CPLR 3025 (b); (2) for dismissal, pursuant to CPLR 3211 (a) (5), of certain allegedly time-barred claims; and (3) for summary judgment and dismissal of the complaint pursuant to CPLR 3212. Plaintiffs motion is granted, and defendant’s cross motion is held in abeyance for the reasons that follow.
I. Procedural History and Factual Background
The following facts are undisputed.
Capitol, a record company, owns the rights to a recording of The Band’s song “The Rumor,” which was recorded in 1970 (the Rumor recording). Harrison owns and operates a restaurant in Manhattan. Harrison, like most restaurants, has a website which includes a menu, images of the dining area, and background music. Harrison’s owner, Jimmy Bradley, is a fan of The Band. In July 2006, Bradley decided that he wanted Harrison’s website to play the Rumor recording on its home page. Harrison never obtained a license to do so. In November 2009, Capitol learned that the Rumor recording was playing on the website without a license. Capitol sent a cease-and-desist letter to Harrison, and Harrison removed the Rumor recording from the website.
In March 2011, Capitol discovered that the Rumor recording, again, was playing on the website. Capitol sent Harrison another cease-and-desist letter, demanding removal of the Rumor recording and information regarding how long it had been playing on the website. Harrison removed the Rumor recording from the website, but did not provide Capitol with the requested information.
*204 Capitol commenced this action on June 27, 2012, asserting a claim for common-law copyright infringement against Harrison. Harrison filed its answer on September 10, 2012. Discovery has proceeded to date without court intervention. The instant summary judgment motion, filed on November 25, 2013, is the first motion in this case.
II. Capitol’s Motion for Summary Judgment
Summary judgment may be granted only when it is clear that no triable issue of fact exists. (Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986].) The burden is upon the moving party to make a prima facie showing of entitlement to summary judgment as a matter of law. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067 [1979].) A failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. (Ayotte v Gervasio, 81 NY2d 1062, 1063 [1993].) If a prima facie showing has been made, the burden shifts to the opposing party to produce evidence sufficient to establish the existence of material issues of fact. (Alvarez, 68 NY2d at 324; Zuckerman, 49 NY2d at 562.) The papers submitted in support of and in opposition to a summary judgment motion are examined in the light most favorable to the party opposing the motion. (Martin v Briggs, 235 AD2d 192, 196 [1st Dept 1997].) Mere conclusions, unsubstantiated allegations, or expressions of hope are insufficient to defeat a summary judgment motion. (Zuckerman, 49 NY2d at 562.) Upon the completion of the court’s examination of all the documents submitted in connection with a summary judgment motion, the motion must be denied if there is any doubt as to the existence of a triable issue of fact. (Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978].)
Pursuant to 17 USC § 301 (c), “[flederal copyright law does not cover sound recordings made prior to [February 15,] 1972. Rather, these recordings are protected by state common law on copyright infringement.” (Arista Records LLC v Lime Group LLC, 784 F Supp 2d 398, 436 [SD NY 2011]; accord Capitol Records, Inc. v Naxos of Am., Inc., 4 NY3d 540 [2005].) “A claim for infringement pursuant to New York common law consists of two elements: (1) the existence of a valid copyright; and (2) unauthorized reproduction of the work protected by the copyright.” (Arista Records LLC, 784 F Supp 2d at 436; see also EMI Records Ltd. v Premise Media Corp. L.P., 2008 NY Slip Op *205 33157[U] [Sup Ct, NY County 2008].) The Rumor recording’s copyright is governed by New York common law since it was recorded in 1970.
It is undisputed that Harrison’s agents and employees uploaded the Rumor recording to the website in 2009 and again in 2011 without a license.[1] It is well settled that this constitutes copyright infringement. (See Capitol Records, LLC v ReDigi Inc., 934 F Supp 2d 640, 648 [SD NY 2013] [“Courts have consistently held that the unauthorized duplication of digital music files over the Internet infringes a copyright owner’s exclusive right to reproduce”].) Harrison does not and cannot refute this obvious legal conclusion.[2] Partial summary judgment, therefore, is granted to Capitol.
*206 The harder question, however, is damages. Capitol does not seek summary judgment on damages at this time, nor is it clear at this time how such damages are to be computed. Harrison seeks to limit damages with its cross motion to amend to assert a statute of limitations defense. Harrison argues that a three-year statute of limitations precludes recovery for infringement before June 27, 2009.
III. Harrison’s Cross Motion to Amend
“Leave to amend pleadings under CPLR 3025 (b) should be freely given, and denied only if there is prejudice or surprise resulting directly from the delay, or if the proposed amendment is palpably improper or insufficient as a matter of law. A party opposing leave to amend must overcome a heavy presumption of validity in favor of [permitting amendment]. Prejudice to warrant denial of leave to amend requires some indication that the defendant ] ha[s] been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position.” (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012] [citations and internal quotation marks omitted]; see also Solomon Holding Corp. v Golia, 55 AD3d 507 [1st Dept 2008] [court should allow defendant to amend answer to include statute of limitations defense unless plaintiff was prejudiced].)
In this case, the first deposition did not occur until October 16, 2013, approximately one month before Capitol filed its summary judgment motion. Discovery is still ongoing. Any prejudice suffered by Capitol can be remedied by allowing it to take supplemental discovery, including the possibility of re-deposing witnesses if their testimony is needed regarding the statute of limitations. That being said, the merits of Harrison’s defense are unclear.
IV Statute of Limitations
Pursuant to 17 USC § 507 (b), “[c]ivil actions under the Copyright Act must be ‘commenced within three years after the claim accrued.’ ” (Urbont v Sony Music Entertainment, 863 F Supp 2d 279, 281 [SD NY 2012, Buchwald, J.].) However, “[n]either the [United States] Supreme Court nor the Second Circuit has ruled on the appropriate accrual rule for federal copyright infringement claims.” {Id. at 282.) In the Southern District of New *207 York, an emerging consensus has developed that the statute of limitations runs from the time of infringement (i.e., injury), not from discovery. (See id. [collecting cases]; see also John Wiley & Sons, Inc. v DRK Photo, 998 F Supp 2d 262, 285 [SD NY 2014].) This consensus developed following the well regarded opinion of Judge Kaplan in Auscape Intl. v National Geographic Socy. (409 F Supp 2d 235 [SD NY 2004]; see TufAmerica, Inc. v Diamond, 968 F Supp 2d 588, 609 [SD NY 2013] [“the Court finds persuasive the approach in Auscape, as well as Judge Buchwald’s recent detailed and informative analysis of this question in Urbont. . . and joins the majority within this district in applying the injury rule to questions of copyright infringement”]). However, it appears that the majority of the federal circuit courts of appeals disagree with the Southern District’s approach, and instead apply a discovery rule. (See William A. Graham Co. v Haughey, 568 F3d 425, 433-437 [3d Cir 2009] [collecting cases].)
This court need not reach this issue since this controversy is governed by New York common law and the CPLR, not federal law. (Cf. Avco Corp. v Precision Air Parts, Inc., 1980 WL 1173, *3, 1980 US Dist. LEXIS 16413, *6 [MD Ala, Sept. 4, 1980, No. 79-275-N] [“under Alabama law, the applicable statute of limitations for common law copyright infringement actions is one year”], affd 676 F2d 494, 496 [11th Cir 1982] [“The district court correctly held the one-year statute of limitations applicable to both common law copyright infringement and trade secret misappropriation because neither arises from contract nor is specifically enumerated under any other Alabama limitations statute”].) Though the CPLR does not expressly set forth a statute of limitations for copyright infringement, CPLR 213 (1) provides that the statute of limitations is six years for an action “for which no limitation is specifically prescribed by law” (emphasis added). The CPLR does not provide a statute of limitations for copyright infringement, nor does such claim appear to fall under the ambit of claims with set limitations periods, such as personal injury, breach of contract, and fraud.
Indeed, “[t]here is surprisingly scant case law addressing the accrual of New York common law claims that are predicated on an underlying copyright infringement.” (Urbont, 863 F Supp 2d at 286; compare DeCarlo v Archie Comic Pubis., Inc., 127 F Supp 2d 497, 507 n 56 [SD NY 2001], citing Thee v Parker Bros., Inc., 1978 WL 950, *4, 1978 US Dist LEXIS 19115, *9-10 [ED *208 NY, Mar. 9, 1978, No. 75-C-1554] [applying CPLR 214’s three-year statute of limitations to common-law copyright claims, but only because the parties believed that copyright infringement is an “injury to . . . property”], with Urbont, 863 F Supp 2d at 286, citing Sporn v MCA Records, 58 NY2d 482, 484-487 [1983] [holding that copyright infringement is trespass, but only in context of wrongful competition via exploitation of music, not infringement by party who is not competitor to copyright holder].)
In Urbont, Judge Buchwald held that plaintiffs “state law claims allege mere interference with his property and each alleged wrongful act gave rise to a separate common law cause of action.” (Id. at 287, citing Stein v RKO Radio Pictures, Inc., 53 USPQ 294 [SD NY 1942] [holding that each showing of motion picture that allegedly infringed on plaintiffs common-law copyright gave rise to separate cause of action], and Greenlight Capital, Inc. v GreenLight [Switzerland] S.A., 2005 WL 13682, *7-8, 2005 US Dist LEXIS 2, *24-30 [SD NY, Jan. 3, 2005, No. 04 Civ 3136 (HB)] [holding that plaintiffs unfair competition claim, which was predicated on alleged trademark infringement, was timely because it involved ongoing activity rather than singular act of misappropriation].)
Judge Buchwald astutely observed that in Sporn, the Court of Appeals suggested that different statutes of limitations apply to different species of infringement:
“The court [in Sporn] explained that an action should be treated as one for trespass if the ‘defendant merely interfered with the plaintiffs property,’ whereas the action should be considered one for conversion if ‘the conduct the plaintiff seeks to recover for amounts to the destruction or taking of the property.’ The court illustrated this distinction with the following example: ‘If defendant hits plaintiffs horse repeatedly, plaintiff has a new cause of action upon each striking; but if defendant destroys plaintiffs horse, or takes it and claims it as his own, plaintiff’s right accrues immediately and he must sue within the period of limitation measured from that date — or never.’
“The court held that the plaintiff’s action was properly classified as one for conversion. The court found that ‘[t]he conduct of the defendant [ ] constituted a denial of both the plaintiff’s right to the master recording and a total usurping of plaintiffs *209 right to possess the master recording.’ The court noted that ‘it is true that an action for conversion will not normally lie[ ] when it involves intangible property [such as musical performances],’ but it held that the case was distinguishable because the action centered on the right to possess a tangible piece of property — the master recording. The court thus held that the plaintiffs claims had accrued at the date of the initial denial of his right to the master recording and as a result were time-barred.
“Here, unlike in Sporn, there is no allegation that defendants wrongfully possessed and denied [plaintiff] his right to a tangible piece of property. As [plaintiff] accurately observes, ‘[t]here was no change in [plaintiffs] relationship to the [sound recording] with [defendant’s] initial infringement.’ In fact, [plaintiff] remained unaware of [defendant’s] alleged infringement for roughly ten years following the release of Supreme Clientele, and he even licensed the ‘Iron Man Theme’ to Paramount Pictures in 2008 for the film Iron Man. It is clear that [defendant’s] alleged actions did not result in a total deprivation of [plaintiff’s] property rights.” (Urbont, 863 F Supp 2d at 287 [citations omitted].)
Judge Buchwald concluded, however, that common-law copyright claims are subject to a three-year statute of limitations because “[i]t would seem only logical for federal and state claims based on copyright infringement to accrue in a parallel manner.” (Id. at 288.) This, indeed, is logical. But logic, no matter how compelling, is not a basis to disregard the plain language of the CPLR. A straightforward reading of CPLR 213 (1) militates in favor of a six-year statute of limitations. As the Court of Appeals recently held in Melcher v Greenberg Traurig, LLP (23 NY3d 10 [2014]), when no explicit statute of limitations covers a cause of action, CPLR 213 (1) applies.
That being said, given the novelty of this issue and the conflicting federal case law, the court declines to rule without affording the parties an opportunity to brief this issue more substantively. The court reserves decision on Harrison’s motion to amend its answer to add a statute of limitations defense pending supplemental briefing, ordered below. Accordingly, it is ordered that the motion by plaintiff Capitol Records, LLC for partial summary judgment on liability for common-law copyright infringement is granted against defendant Harrison *210 Greenwich, LLC; and it is further ordered that defendant’ cross motion is held in abeyance.

. The details of who uploaded the music are legally irrelevant. The parties’ dispute over irrelevant factual minutia does not warrant serious discussion. Nor will the court address Harrison’s assertions based on myriad technological inaccuracies, such as how music files are transmitted over the Internet, the reliability of the Wayback Machine, and the utility of Google Analytics prior to November 2010.

. Harrison’s contention that recent, United States Supreme Court-bound federal case law holds otherwise is demonstrably wrong. (See WNET, Thirteen v Aereo, Inc., 712 F3d 676 [2d Cir 2013], cert granted 571 US —, 134 S Ct 896 [2014]; compare Cartoon Network LP, LLLP v CSC Holdings, Inc., 536 F3d 121 [2d Cir 2008], with Community Tel. of Utah, LLC v Aereo, Inc., 997 F Supp 2d 1191 [D Utah 2014], and Fox Tel. Stations, Inc. v FilmOn X LLC, 966 F Supp 2d 30 [D DC 2013].) Harrison’s attempts to rely on these cases evidences either a severe misunderstanding of the technology or a bad faith attempt at confusing this court, which rarely considers copyright claims, into disregarding well-settled law. These cases concern whether Aereo’s
“transmissions are ‘private’ performances because its system uses thousands of individual, dime-sized antennas that enable subscribers to make their own purportedly ‘unique’ copies of the programming for retransmission back to themselves. Under this theory, Aereo maintains that it may, for example, stream the Super Bowl ‘live’ to 50,000 subscribers and yet, because each subscriber has an individual antenna and a ‘unique’ copy of the broadcast, these are not ‘public’ but ‘private’ performances.” (WNET, Thirteen v Aereo, Inc., 722 F3d 500, 501 [2d Cir 2013, Chin, J., dissenting].)
The novel issues in the Aereo cases are inapposite and do not implicate the well-settled law that uploading music onto a company’s website without a license is copyright infringement. Likewise, Harrison’s argument that its lack of bad faith or scienter precludes liability is simply wrong. (See Naxos, 4 NY3d at 563 [“fraud or bad faith is not an element of an infringement action in modern New York law”]; Faulkner v National Geographic Soc., 576 F Supp 2d 609, 613 [SD NY 2008] [“Copyright infringement is a strict liability wrong in the sense that a plaintiff need not prove wrongful intent or culpability in order to prevail”].)