*429 OPINION OF THE COURT
Shirley Werner Kornreich, J.
The court assumes familiarity with its order dated April 14, 2014 (the April order) (44 Misc 3d 202 [2014]), which directed the parties to file supplemental briefs on an issue of first impression: the applicable statute of limitations for a New York common-law copyright infringement claim. (See docket No. 79 [Apr. order]; docket Nos. 85, 88 [Capitol’s briefs]; docket Nos. 84, 87 [Harrison’s briefs].)
As the court held in the April order, the CPLR governs the subject statute of limitations, not the federal statute governing claims under the federal Copyright Act, 17 USC § 507 (b). The CPLR does not “specifically” prescribe a limitations period for copyright infringement. Therefore, the six-year limitations period under CPLR 213 (1), the “catch-all” provision, applies. (See Melcher v Greenberg Traurig, LLP, 23 NY3d 10, 13 [2014].)
Harrison argues, unpersuasively, that CPLR 214 (4), which sets a three-year statute of limitations for actions “to recover damages for an injury to property,” applies. Harrison likens its use of Capitol’s copyright as a trespass to chattel. Yet, by analogizing between copyright infringement and trespass to chattel, Harrison itself implicitly recognizes that no specific limitations period exists. To be sure, if CPLR 213 (1) did not exist, and the CPLR was entirely silent on what limitations period applies to claims not provided for by statute, analogizing to limitations periods for other claims might be appropriate. However, by providing that CPLR 213 (1) applies when “no limitation is specifically prescribed by law,” the legislature foreclosed courts from employing the very sort of argument-by-analogy Harrison proffers. Indeed, the benefit of CPLR 213 (1) is clarity since, when no limitations period expressly exists, courts can simply apply a six-year period without resort to speculation about legislative intent. Hence, where, as here, the CPLR does not provide a statute of limitations for common-law copyright infringement claims, the most faithful reading of the CPLR calls for the application of the six-year limitations period under CPLR 213 (1).
Therefore, the court denies Harrison’s cross motion to amend to add a statute of limitations defense because such defense is “clearly devoid of merit.” (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010].) Harrison first uploaded the Rumor recording to its website in July 2006. Capitol com *430 menced this action in June 2012, less than six years thereafter. Hence, Capitol’s action is timely as to all of Harrison’s infringement, for which summary judgment on liability was granted to Capitol in the April order.*
Accordingly, it is ordered that the cross motion by defendant Harrison Greenwich, LLC for leave to amend its answer to assert a statute of limitations defense is denied.

 The court, therefore, will not determine when a claim for copyright infringement accrues (i.e., discovery or injury) because all of the subject infringement occurred within six years of the commencement of this action.