■ MARIE ELISE BENJAMIN, Appellant, v ALLSTATE INSURANCE COMPANY, Defendant, and ODIERNO LAW FIRM, P.C., et al., Respondents. [7 NYS3d 550]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated June 10, 2013, as granted the motion of the defendants Odierno Law Firm, P.C., and Joseph J. Odierno pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them, and (2) a judgment of the same court, entered July 24, 2013, which, upon so much of the order dated June 10, 2013, as granted the motion of the defendants Odierno Law Firm, P.C., and Joseph J. Odierno pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them, is in favor of the defendants Odierno Law Firm, P.C., and Joseph J. Odierno and against her dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the or-

der are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants Odierno Law Firm, P.C., and Joseph J. Odierno (hereinafter together the Odierno defendants) represented the plaintiff in a personal injury action which was settled in 2007. The Odierno defendants' representation of the plaintiff terminated in October 2008. On December 7, 2011, the plaintiff commenced the instant action against, among others, the Odierno defendants, alleging legal malpractice and a violation of Judiciary Law § 487, with respect to their representation of her in the prior matter. The Odierno defendants subsequently moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred. The Supreme Court granted the motion.

The Odierno defendants demonstrated, prima facie, that the present action was commenced after expiration of the three-year statute of limitations applicable to the plaintiff's legal malpractice cause of action (*see* CPLR 214 [6]). Moreover, since her cause of action alleging a violation of Judiciary Law § 487 is premised on the same facts and does not allege distinct damages, it too is barred by the three-year statute of limitations (*see Farage v Ehrenberg*, 124 AD3d 159, 169 [2014]; *cf. Melcher v Greenberg Traurig, LLP*, 23 NY3d 10, 15 [2014]).

Contrary to the plaintiff's contention, she failed to raise a triable issue of fact as to whether the Odierno defendants should be equitably estopped from relying upon the statute of limitations. In that respect, the plaintiff failed to raise a triable issue of fact as to whether any "subsequent and specific actions by [the] defendants somehow kept [her] from timely bringing suit" (*Zumpano v Quinn*, 6 NY3d 666, 674 [2006]; *see Bevinetto v Steven Plotnick, M.D., P.C.*, 51 AD3d 612, 614 [2008]).

The plaintiff's remaining contention is improperly raised for the first time on appeal and, therefore, is not properly before this Court (*see Mejia-Haffner v Killington, Ltd.*, 119 AD3d 912, 914 [2014]). Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.