Jemima O. v Schwartzapfel, P.C. (2019 NY Slip Op 08793)





Jemima O. v Schwartzapfel, P.C.


2019 NY Slip Op 08793


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


10412 154971/17

[*1] Jemima O., individually and as a parent and natural guardian of J.N. and R.N., Plaintiff-Appellant,
v
Schwartzapfel, P.C., et al., Defendants-Respondents, John Does 1-3, Defendants.


Quainton Law, PLLC, New York (Eden P. Quainton of counsel), for appellant.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale (Rondiene E. Novitz of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 12, 2018, which granted defendants Schwartzapfel, P.C. and Daniel Poli's motion to dismiss the complaint as against them, unanimously affirmed, without costs.
The motion court correctly found that plaintiff's causes of action for legal malpractice, violation of Judiciary Law § 487, negligent misrepresentation and negligent infliction of emotional distress were time-barred as they accrued on September 10, 2013, at the latest, and plaintiff did not commence the instant action until May 31, 2017, over eight months after the applicable three-year statute of limitations had already expired (see CPLR 214; Benjamin v Allstate Ins. Co., 127 AD3d 1120, 1121 [2d Dept 2015]; Colon v Banco Popular N. Am., 59 AD3d 300, 300 [1st Dept 2009]).
Plaintiff's claim for breach of fiduciary duty was also properly dismissed as untimely pursuant to the applicable three-year statute of limitations because plaintiff sought only money damages and not equitable relief (see Kaufman v Cohen, 307 AD2d 113, 118 [1st Dept 2003]).
Plaintiff's argument that the statute of limitations was tolled by reason of disability or insanity pursuant to CPLR 208 was properly rejected by the motion court, without a hearing. Plaintiff failed to put forth any evidence that would support a finding of disability or insanity sufficient to show that plaintiff was unable to function in society (see Santo B. v Roman Catholic Archdiocese of N.Y., 51 AD3d 956, 958 [2d Dept 2008]). In particular, she did not submit any doctors' affidavits or medical records documenting the severity of her condition (see Matter of Brigade v Olatoye, 167 AD3d 462 [1st Dept 2018]; Santana v Union Hosp. of Bronx, 300 AD2d 56 [1st Dept 2002]). Moreover, the record does not show that plaintiff was incapable of protecting her legal rights despite her mental health diagnosis (see Burgos v City of New York, 294 AD2d 177, 178 [1st Dept 2002]). Although we have some concerns about the actions of plaintiff's prior counsel, this does not alter the conclusion that this action is time-barred.
The complaint fails to state a cause of action for either negligent misrepresentation or negligent infliction of emotional distress on behalf of the children. There is no allegation that defendants made any representation to the children or that defendants engaged in any extreme and outrageous conduct (see Hernandez v Central Parking Sys. of N.Y., Inc., 63 AD3d 411 [1st Dept 2009]).
The motion court correctly found that the complaint fails to state a cause of action for fraudulent misrepresentation because plaintiff's claimed losses resulted from defendants' unauthorized withdrawal of her appeal and not from their purported false statements as to their [*2]ability to handle administrative proceedings (see Friedman v Anderson, 23 AD3d 163, 167 [1st Dept 2005].
Because plaintiff has put forth no specific argument on appeal as to her cause of action for intentional infliction of emotional distress, such claim is deemed abandoned.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK