Catsiapis v Pardalis & Nohavicka, LLP (2023 NY Slip Op 04185)

Catsiapis v Pardalis & Nohavicka, LLP

2023 NY Slip Op 04185

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-06981
 (Index No. 707422/18)

[*1]George Catsiapis, appellant, 
v
Pardalis & Nohavicka, LLP, et al., respondents.

Charles M. Hymowitz, Brooklyn, NY, for appellant.
Pardalis & Nohavicka, LLP, Astoria, NY (Joseph D. Nohavicka respondent pro se of counsel), respondent pro se and for respondent Taso Pardalis.

DECISION & ORDER
In an action to recover damages for legal malpractice and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), dated August 27, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for legal malpractice and violation of Judiciary Law § 487. The defendants moved for summary judgment dismissing the complaint. The Supreme Court, upon determining that the action was barred by the three-year statute of limitations applicable to a cause of action to recover damages for legal malpractice, granted the defendants' motion. The plaintiff appeals. We affirm.
An action to recover damages for legal malpractice must be commenced within three years of the accrual of the cause of action regardless of whether the underlying theory is based in contract or tort (see CPLR 214[6]). An action to recover damages for attorney deceit under Judiciary Law § 487 is subject to the six-year statute of limitations set forth in CPLR 213(1) (see Melcher v Greenberg Traurig, LLP, 23 NY3d 10, 15). A legal malpractice action that also alleges a cause of action to recover damages for attorney deceit under Judiciary Law § 487 must be dismissed as time-barred if not commenced within three years of the accrual of the cause of action, if the Judiciary Law § 487 cause of action is premised on the same facts as the legal malpractice cause of action and does not allege distinct damages (see Benjamin v Allstate Ins. Co., 127 AD3d 1120, 1121; Farage v Ehrenberg, 124 AD3d 159, 169).
Here, the defendants demonstrated, prima facie, that the instant action was commenced after the expiration of the three-year statute of limitations applicable to the plaintiff's legal malpractice cause of action (see CPLR 214[6]). Moreover, since the plaintiff's causes of action alleging violations of Judiciary Law § 487 are premised on the same facts as the legal malpractice cause of action and do not allege distinct damages, they too are barred by the three-year statute of limitations (see Benjamin v Allstate Ins. Co., 127 AD3d at 1121; Farage v Ehrenberg, 124 AD3d at 169; see also Jemima O. v Schwartzapfel, P.C., 178 AD3d 474, 475).
In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.

2020-06981 DECISION & ORDER ON MOTION
George Catsiapis, appellant, v Pardalis & Nohavicka,
LLP, et al., respondents.
(Index No. 707422/18)

Appeal from an order of the Supreme Court, Queens County, dated August 27, 2020. Motion by the respondents to impose a sanction upon the appellant for taking a frivolous appeal. By decision and order on motion of this Court dated May 5, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court