Jacobson v Fein, Such & Crane, LLP
2026 NY Slip Op 03429
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Yosef Yitzchak Jacobson, respondent,
v
Fein, Such & Crane, LLP, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2021-09340, (Index No. 521449/20)
Mark C. Dillon, J.P.
Lara J. Genovesi
Donna-Marie E. Golia
Phillip Hom, JJ.

Ropers Majeski, P.C., New York, NY (John W. Hanson of counsel), for appellants.
Einhorn Karpel, P.C., Syosset, NY (Samuel Karpel of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for violation of Judiciary Law § 487, the defendants Fein, Such & Crane, LLP, Mark K. Broyles, Craig K. Beideman, and Miranda L. Jakubec appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 6, 2021. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first though ninth and eleventh causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2020, the plaintiff commenced this action, inter alia, to recover damages for violation of Judiciary Law § 487, alleging, among other things, that the defendants Fein, Such & Crane, LLP, Mark K. Broyles, Craig K. Beideman, and Miranda L. Jakubec (hereinafter collectively the attorney defendants), the attorneys who represented the defendant Truist Bank, formerly known as Branch Banking and Trust Company (hereinafter BB & T), in a foreclosure action commenced by BB & T against the plaintiff, among others, committed a series of fraudulent and deceitful acts in the foreclosure action that resulted in the entry of a judgment of foreclosure and sale. The attorney defendants moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the first through ninth and eleventh causes of action. In an order dated December 6, 2021, the Supreme Court, among other things, denied those branches of the motion. The attorney defendants appeal.
As an initial matter, the Supreme Court properly denied dismissal of the first through ninth and eleventh causes of action on the ground of res judicata. "'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Babad v Oratz, 242 AD3d 807, 808, quoting Goldstein v Massachusetts Mut. Life Ins. Co., 32 AD3d 821, 821; see Luis v Kocherlakota, 241 AD3d 1323, 1324). "Generally, to establish privity the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding" (Green v Santa Fe Indus., 70 NY2d 244, 253; see Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628). "It includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action" (Watts v Swiss Bank Corp., 27 NY2d 270, 277; [*2]see Bravo v Atlas Capital Group, LLC, 196 AD3d at 629). Here, the attorney defendants, as counsel to BB & T in the foreclosure action, were neither parties to the foreclosure action, nor were they in privity with a party in that action (see Izmirligil v Steven J. Baum, P.C., 180 AD3d 767, 771; see also Urias v Daniel P. Buttafuoco & Assoc., PLLC, 41 NY3d 560, 563).
Further, the Supreme Court properly denied dismissal of the first through ninth and eleventh causes of action on the ground of collateral estoppel. "The doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Babad v Oratz, 242 AD3d at 808, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500; see Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d 920, 921). "'The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior action and is decisive of the present action, and the party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination'" (Babad v Oratz, 242 AD3d at 808, quoting Fowler v Indymac Bank, FSB, 176 AD3d 682, 684). Here, the foreclosure action did not consider or decide any allegations of fraud perpetrated by the attorney defendants therein (see id.; Altman v Orseck, 235 AD3d 818, 819; Melcher v Greenberg Traurig LLP, 135 AD3d 547, 553).
Judiciary Law § 487 provides, in relevant part, that "[a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . forfeits to the party injured treble damages, to be recovered in a civil action" (see Urias v Daniel P. Buttafuoco & Assoc., PLLC, 41 NY3d at 567; Melcher v Greenberg Traurig LLP, 135 AD3d at 552). Although similar to fraud, Judiciary Law § 487 is not a codification of common-law fraud (see Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 178; Amalfitano v Rosenberg, 12 NY3d 8, 14). Claims for attorney deceit brought under Judiciary Law § 487 are subject to the six-year statute of limitations in CPLR 213(1) (see Melcher v Greenberg Traurig, LLP, 23 NY3d 10, 15; Catsiapis v Pardalis & Nohavicka, LLP, 219 AD3d 563, 563). "[A]n injury to the plaintiff resulting from the alleged deceitful conduct of the defendant attorney is an essential element of a cause of action based on a violation of Judiciary Law § 487" (Langton v Sussman & Watkins, 238 AD3d 726, 730 [internal quotation marks omitted]; see Maroulis v Sari M. Friedman, P.C., 153 AD3d 1250, 1252). "Thus, to state a cause of action alleging a violation of Judiciary Law § 487, the plaintiff must plead allegations from which damages attributable to the defendants' conduct might be reasonably inferred" (Langton v Sussman & Watkins, 238 AD3d at 730 [internal quotation marks omitted]; see Maroulis v Sari M. Friedman, P.C., 153 AD3d at 1252).
The Supreme Court properly denied dismissal of the first through ninth and eleventh causes of action on the ground that this action constituted an improper collateral attack on the judgment of foreclosure and sale entered in the foreclosure action. "Generally, a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages against the party who adduced the false evidence" (Stewart v Citimortgage, Inc., 122 AD3d 721, 722, quoting Specialized Indus. Servs. Corp. v Carter, 68 AD3d 750, 751-752). Here, the court properly determined that the Judiciary Law § 487 causes of action asserted against the attorney defendants in this action did not constitute a collateral attack on the judgment of foreclosure and sale in the foreclosure action (see Kimbrook Rte. 31, L.L.C. v Bass, 147 AD3d 1508, 1509; Melcher v Greenberg Traurig LLP, 135 AD3d at 554).
Further, the Supreme Court properly denied dismissal of so much of the first through ninth and eleventh causes of action as related to alleged conduct occurring prior to November 2014 as time-barred. The court properly determined that the Judiciary Law § 487 causes of action accrued no earlier than October 15, 2018, the date the judgment of foreclosure and sale was entered in the foreclosure action, as such was the date from which damages could be reasonably inferred. In any event, the continuing wrong doctrine may be employed "where there is a series of continuing wrongs and serves to toll the running of a period of limitations to the date of the commission of the last wrongful act" (Affordable Hous. Assoc., Inc. v Town of Brookhaven, 150 AD3d 800, 802 [internal quotation marks omitted]; see York v York, 235 AD3d 1032, 1034). Here, the plaintiff alleged, in [*3]effect, that the attorney defendants made initial and continued false representations to the court about the legal and factual basis for the foreclosure action. Thus, the plaintiff alleged a series of continuing wrongs, which is deemed to have accrued on the date of the last wrongful act, a date that was after the entry of the judgment of foreclosure and sale in the foreclosure action (see Davis v Farrell Fritz, P.C., 201 AD3d 869, 872; Palmeri v Willkie Farr & Gallagher LLP, 156 AD3d 564, 568).
The attorney defendants' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court