Joseph Tortura, Appellant, v Sullivan Papain Block McGrath & Cannavo, P.C., Respondents. [803 NYS2d 571]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated September 14, 2004, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The defendant represented the plaintiff in a medical malpractice action which ended in a settlement during the trial. Subsequently, the plaintiff commenced this action against the defendant, alleging legal malpractice and breach of contract.

"To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care" (*Iannarone v Gramer*, 256 AD2d 443, 444 [1998]; *see Blank v Harry Katz, P.C.*, 3 AD3d 512, 513 [2004]). "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (*Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1990]; *see Rau v Borenkoff*, 262 AD2d 388, 389 [1999]; *cf. Lattimore v Bergman*, 224 AD2d 497 [1996]; *Cohen v Lipsig*, 92 AD2d 536 [1983]). Viewing the complaint in the light most favorable to the plaintiff (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we find that it fails to plead specific factual allegations demonstrating that, but for the defendant's alleged negligence, there would have been a more favorable outcome in the underlying action (*see Ferdinand v Crecca & Blair*, 5 AD3d 538, 539-540 [2004]; *Palazzolo v Herrick, Feinstein, LLP*, 298 AD2d 372 [2002]; *Dweck Law Firm v Mann*, 283 AD2d 292, 293 [2001]; *Rau v Borenkoff, supra*).

Moreover, the Supreme Court properly dismissed the plaintiff's cause of action alleging breach of contract because it was duplicative of the legal malpractice cause of action and arose from the same facts as that claim (*see Shivers v Siegel*, 11 AD3d 447 [2004]; *Daniels v Lebit*, 299 AD2d 310 [2002]). Prudenti, P.J., Florio, Crane and Lifson, JJ., concur.