■ VENERA HELD, Appellant, v HAROLD SEIDENBERG, Respondent. [928 NYS2d 477]—

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff

the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession'; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]).

Here, the complaint, viewed in the light most favorable to the plaintiff (*see Leon v Martinez*, 84 NY2d at 87-88), failed to set forth allegations sufficient to state a cause of action to recover damages for legal malpractice (*see Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1018 [2010]; *DeNatale v Santangelo*, 65 AD3d 1006 [2009]; *Analisa Salon, Ltd. v Elide Props., LLC*, 63 AD3d 1091 [2009]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Skelos, J.P., Belen, Hall and Roman, JJ., concur. **[Prior Case History: 27 Misc 3d 1235(A), 2010 NY Slip Op 51041(U).]**