■ NANCY KENESS, Appellant, v FELDMAN, KRAMER & MONACO, P.C., et al., Respondents. [963 NYS2d 313]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated January 4, 2012, which granted the motion of the defendant Alfreida Kenny and the separate motion of the defendants Feldman, Kramer & Monaco, P.C., Candace Dellacona, and Herbert Kramer pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). " 'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages' " (*Held v Seidenberg*, 87 AD3d 616, 617

[2011], quoting *Dempster v Liotti*, 86 AD3d 169, 176 [2011]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 441 [2007]). " 'A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel' " (*Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005], quoting *Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1990]).

Here, the Supreme Court properly granted the motion of the defendant Alfreida Kenny pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her. The complaint failed to allege the existence of an attorney-client relationship, fiduciary relationship, or even a contractual relationship between the plaintiff and Kenny (*see Cascardo v Stacchini*, 100 AD3d 675, 676 [2012]). Consequently, the complaint failed to state any cause of action sounding in either legal malpractice, breach of fiduciary duty, or breach of contract insofar as asserted against Kenny.

The Supreme Court also properly granted the separate motion of the defendants Feldman, Kramer & Monaco, P.C., Candace Dellacona, and Herbert Kramer (hereinafter collectively the Feldman defendants) pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Viewing the complaint in the light most favorable to the plaintiff (*see Leon v Martinez*, 84 NY2d at 87-88), it fails to plead specific factual allegations demonstrating that, but for the Feldman defendants' alleged negligence, there would have been a more favorable outcome in the underlying proceeding or that the plaintiff would not have incurred any damages (*see Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d at 1083; *Holschauer v Fisher*, 5 AD3d 553 [2004]; *Rau v Borenkoff*, 262 AD2d 388 [1999]). The complaint also failed to sufficiently allege that the subject settlement entered into by the plaintiff was "effectively compelled by the mistakes of counsel" (*Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d at 1083). Accordingly, the complaint failed to state a cause of action to recover damages for legal malpractice insofar as asserted against the Feldman defendants.

In addition, the causes of action alleging breach of fiduciary duty and breach of contract insofar as asserted against the Feldman defendants are duplicative of the legal malpractice cause of action, since they arise from the same facts as those underlying

the legal malpractice cause of action, and do not allege distinct damages (see *Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d 749, 750 [2011]; *Financial Servs. Veh. Trust v Saad*, 72 AD3d 1019, 1020 [2010]). Eng, P.J., Dickerson, Lott and Sgroi, JJ., concur.