■ JACK BENISHAI, Appellant, v CHARLES I. EPSTEIN, ESQ., Respondent. [983 NYS2d 618]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered September 11, 2012, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 2004, the plaintiff, as attorney-in-fact for his mother, Bella Benishai (hereinafter Bella), commenced an action in the Supreme Court, New York County (hereinafter the New York County action), against his brother, David Benishai (hereinafter David). The plaintiff, inter alia, alleged that David had mismanaged the corporate funds of Ilan Properties, Inc. (hereinafter Ilan), a corporation in which, at that time, Bella and David were each 50% shareholders. Ilan's primary assets were two residential properties located on West 76th Street in Manhattan. After commencing the New York County action against David, the plaintiff retained the defendant attorney to represent Bella, but Bella died during the pendency of that action. Nonetheless, the plaintiff apparently directed the defendant to

continue the prosecution of the New York County action against David. On March 31, 2009, the plaintiff, David, Ilan, and Bella's estate entered into a written settlement agreement, pursuant to which the plaintiff became a 50% shareholder in Ilan and agreed to release David from any claims for costs, taxes, and penalties.

In October 2011, the plaintiff commenced this legal malpractice action against the defendant, alleging, among other things, that the defendant failed to undertake an analysis of Ilan's financial status in order to determine the plaintiff's exposure to tax liabilities, fines, penalties, and other charges. In April 2012, the defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint on the ground, inter alia, that the complaint failed to state a cause of action. The Supreme Court granted the motion, concluding that the complaint failed to state a cause of action (*see* CPLR 3211 [a] [7]).

To recover damages in a legal malpractice action, a plaintiff must establish "that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301, 302 [2002]; *see Held v Seidenberg*, 87 AD3d 616, 617 [2011]; *Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1018 [2010]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442). " 'A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel' " (*Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005], quoting *Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1990]). Nonetheless, a plaintiff's conclusory allegations that merely reflect a subsequent dissatisfaction with the settlement, or that the plaintiff would be in a better position but for the settlement, without more, do not make out a claim of legal malpractice (*see Boone v Bender*, 74 AD3d 1111, 1113 [2010]; *Holschauer v Fisher*, 5 AD3d 553, 554 [2004]).

"In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Sierra Hold-*

*ings, LLC v Phillips, Weiner, Quinn, Artura & Cox*, 112 AD3d 909, 910 [2013], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A complaint in a legal malpractice action will be dismissed pursuant to CPLR 3211 (a) (7) where "it fails to plead specific factual allegations demonstrating that, but for the . . . defendant['s] alleged negligence, there would have been a more favorable outcome in the underlying proceeding or that the plaintiff would not have incurred any damages" (*Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813 [2013]). Here, viewing the complaint in the light most favorable to the plaintiff (*see Leon v Martinez*, 84 NY2d at 87-88), it failed to plead specific factual allegations demonstrating that, but for the defendant's alleged negligence, there would have been a more favorable outcome in the underlying action or that the plaintiff would not have incurred any damages (*id.*; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d at 1083). Moreover, nowhere does the complaint allege that the settlement was compelled by the mistakes of counsel.

Accordingly, the Supreme Court properly determined that the complaint failed to state a cause of action to recover damages for legal malpractice, and properly granted the defendant's motion to dismiss the complaint.

The parties' remaining contentions are without merit. Rivera, J.P., Dillon, Roman and Miller, JJ., concur.