■ SOL LEINER, Respondent, v MICHELLE HAUSER, Defendant, and ESTATE OF NOEL HAUSER et al., Appellants. [992 NYS2d 359]—

In an action to recover damages for legal malpractice, the defendants Estate of Noel Hauser and Noel Hauser & Associates appeal, as limited by their notice of appeal and a letter dated June 20, 2014, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 2, 2012, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss so much of the complaint insofar as asserted against them as was premised upon allegations that they caused an action to be commenced against the plaintiff and a preclusion order to be entered against him in that action, and that they failed to assert the defenses of laches and statute of limitations in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Estate of Noel Hauser and Noel Hauser & Associates which were pursuant to CPLR 3211 (a) to dismiss so much of the complaint insofar as asserted against them as was

premised upon allegations that they caused an action to be commenced against the plaintiff and a preclusion order to be entered against him in that action, and that they failed to assert the defenses of laches and statute of limitations in the underlying action, are granted.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). " 'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages' " (*Held v Seidenberg*, 87 AD3d 616, 617 [2011], quoting *Dempster v Liotti*, 86 AD3d 169, 176 [2011] [internal quotation marks omitted]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (see *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 441 [2007]). " 'A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel' " (*Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005], quoting *Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1990]).

Here, the Supreme Court should have granted that branch of the motion of the defendants Estate of Noel Hauser and Noel Hauser & Associates (hereinafter together the appellants) which was pursuant to CPLR 3211 (a) to dismiss so much of the complaint insofar as asserted against them as was premised upon allegations that they caused a preclusion order to be entered against the plaintiff in an underlying action. Viewing the complaint in the light most favorable to the plaintiff, it fails to plead specific factual allegations showing that, but for the appellants' alleged negligence in causing the preclusion order to be entered, the plaintiff would have obtained a more favorable outcome in the underlying action (see CPLR 3211 [a] [7]; *Benishai v Epstein*, 116 AD3d 726, 728 [2014]; *Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813 [2013]; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d at 1083).

Furthermore, the Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) to dismiss so much of the complaint insofar as asserted against them as was premised upon allegations that they caused an action to be commenced against the plaintiff, and that they failed to assert the defenses of laches and statute of limitations in that action. With respect to these allegations, viewing the complaint in the light most favorable to the plaintiff, it fails to set forth facts sufficient to allege that the appellants' alleged failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff actual and ascertainable damages (see CPLR 3211 [a] [7]; *Held v Seidenberg*, 87 AD3d at 617). Skelos, J.P., Hall, Duffy and Barros, JJ., concur.