■ MACKEY REED ELECTRIC, INC., et al., Appellants, v MORRONE & ASSOCIATES, P.C., et al., Respondents. [6 NYS3d 65]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered January 10, 2013, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the causes of action alleging legal malpractice, fraud, breach of fiduciary duty, and conversion.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87

[1994]). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Held v Seidenberg*, 87 AD3d 616, 617 [2011] [internal quotation marks omitted]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). A plaintiff is not obligated to show, on a motion to dismiss, that it actually sustained damages. It need only plead allegations from which damages attributable to the defendant's malpractice might be reasonably inferred (*see Fielding v Kupferman*, 65 AD3d 437, 442 [2009]; *Kempf v Magida*, 37 AD3d 763, 764 [2007]).

Here, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging legal malpractice. Accepting as true the facts alleged in the complaint, and according the plaintiffs the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88), it fails to plead specific factual allegations demonstrating that, but for the defendants' alleged negligence, there would have been a more favorable outcome in the underlying proceedings or that the plaintiffs would not have incurred any damages (*see Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812 [2013]; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005]; *Holschauer v Fisher*, 5 AD3d 553 [2004]). Accordingly, the complaint fails to state a cause of action to recover damages for legal malpractice.

In addition, the causes of action alleging breach of fiduciary duty and fraud are duplicative of the legal malpractice cause of action, since they arise from the same facts as those underlying the legal malpractice cause of action, and do not allege distinct damages (*see Biberaj v Acocella*, 120 AD3d 1285, 1287 [2014]; *Palmieri v Biggiani*, 108 AD3d 604, 608 [2013]; *Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d 749, 750 [2011]). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the causes of action alleging breach of fiduciary duty and fraud.

Finally, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging conversion. "A motion

pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326). "In order to establish a cause of action to recover damages for conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" (*Matter of Channel Mar. Sales, Inc. v City of New York*, 75 AD3d 600, 601 [2010] [internal quotation marks omitted]). Here, the documentary evidence submitted by the parties conclusively established that the defendants did not exercise unauthorized dominion over certain funds held in escrow to the exclusion of the plaintiffs' right (*see* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action alleging conversion. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.