■ MARLENE JANKER, Respondent, v SILVER, FORRESTER & LESSER, P.C., et al., Appellants, et al., Defendant. [24 NYS3d 182]—

In an action, inter alia, to recover damages for legal malpractice, the defendants Silver, Forrester & Lesser, P.C., Silver, Forrester, Schisano & Lesser, P.C., Barry Silver, Michael Forrester, Sol Lesser, and Richard Schisano appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated October 10, 2013, as denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them is granted.

The plaintiff's former husband commenced an action for a divorce and ancillary relief against her, and the plaintiff retained the appellants to represent her in that action. Prior to trial, the plaintiff and her former husband entered into a stipulation of settlement on the record in open court, which ended that case. Approximately two years later, the plaintiff commenced this action to recover damages for, among other things, legal malpractice. The plaintiff alleged, inter alia, that the appellants failed to ascertain the full extent of her former husband's assets and failed to adequately explain the stipulation of settlement to her. The appellants moved pursuant to

CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. The Supreme Court, among other things, denied the appellants' motion. We reverse insofar as appealed from.

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Dinger v Cefola*, 133 AD3d 816, 817 [2015]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A motion to dismiss based on documentary evidence pursuant to CPLR 3211 (a) (1) may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851 [2012]; *Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955, 955 [2012]).

"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011] [internal quotation marks omitted]; *see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40 [2015]; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 441 [2007]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813 [2013]). "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (*Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1990]; *see Leiner v Hauser*, 120 AD3d 1310, 1311 [2014]; *Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d at 813; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005]). "[A] plaintiff must plead and prove actual, ascertainable damages as a result of an attorney's negligence" (*Dempster v Liotti*, 86 AD3d at 177). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the al-

legations in the complaint are merely conclusory and speculative" (*Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 848 [2012] [citations omitted]; *see Dempster v Liotti*, 86 AD3d at 177; *Hashmi v Messiha*, 65 AD3d 1193, 1195 [2009]; *Riback v Margulis*, 43 AD3d 1023, 1023 [2007]).

Here, to the extent that the complaint asserted that the appellants were negligent in failing to ascertain the full extent of the assets of the plaintiff's former husband, it failed to sufficiently allege that the stipulation of settlement entered into was effectively compelled by the mistakes of counsel, since the plaintiff acknowledged that she elected to enter into the settlement agreement even though she was aware that her former husband had not fully disclosed his assets (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 435-436 [2007]; *Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d at 813; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d at 1083). Furthermore, the complaint failed to adequately plead specific factual allegations showing that, but for the appellants' alleged negligence, the plaintiff would have obtained a more favorable outcome in the underlying action (*see Leiner v Hauser*, 120 AD3d at 1311; *Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756, 758 [2014]; *Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d at 813; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d at 1083). The allegation that, but for the appellants' alleged negligence, the plaintiff would have received a more favorable settlement offer from her former husband is conclusory and speculative (*see Bua v Purcell & Ingrao, P.C.*, 99 AD3d at 847-848; *Holschauer v Fisher*, 5 AD3d 553, 554 [2004]; *Giambrone v Bank of N.Y.*, 253 AD2d 786, 787 [1998]). In addition, to the extent that the complaint alleged that the plaintiff was not advised about certain aspects of the stipulation of settlement pertaining to the marital residence, the transcript of the court proceedings submitted by the appellants, wherein the attorneys set forth the terms of the stipulation, utterly refuted those factual allegations (*see generally Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d at 758; *Pacella v Whiteman Osterman & Hanna*, 14 AD3d 545, 545-546 [2005]). Accordingly, the Supreme Court should have granted the appellants' motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.