In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered June 2, 2015, as granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) to dismiss the complaint.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In June 2010, the plaintiff retained the defendants, Sari M. Friedman and her law firm, Sari M. Friedman, PC. (hereinafter together Friedman), to represent him in a divorce action against Maria Vases. He discharged Friedman as counsel in November 2011 and retained another law firm. In July 2012, the plaintiff and Vases executed a separation agreement settling the matrimonial action, including all financial issues. In October 2014, the plaintiff commenced this action, inter alia, to recover damages for legal malpractice, alleging that Friedman’s negligent representation caused him to suffer emotional distress and to enter into a less favorable settlement. Friedman moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint, and the Supreme Court granted that branch of the motion. The plaintiff appeals.
 

 To recover damages for legal malpractice, a plaintiff must establish “that the attorney Tailed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession’ and that the attorney’s breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301-302 [2002]; see Benishai v Epstein, 116 AD3d 726, 727 [2014]; Held v Seidenberg, 87 AD3d 616, 617 [2011]; Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1018 [2010]). “To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442). A legal malpractice cause of action “ ‘is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel’ ” (Tortura v Sullivan Papain Block McGrath & Cannavo, PC., 21 AD3d 1082, 1083 [2005], quoting Bernstein v Oppenheim & Co., 160 AD2d 428, 430 [1990]). Nonetheless, a plaintiff’s conclusory allegations that merely reflect a subsequent dissatisfaction with the settlement, or that the plaintiff would be in a better position but for the settlement, without more, do not make out a legal malpractice cause of action (see Benishai v Epstein, 116 AD3d at 727; Boone v Bender, 74 AD3d 1111, 1113 [2010]; Holschauer v Fisher, 5 AD3d 553, 554 [2004]).
 

 “In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must ‘accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Sierra Holdings, LLC v Phillips, Weiner, Quinn, Artura & Cox, 112 AD3d 909, 910 [2013], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). A legal malpractice cause of action will be dismissed pursuant to CPLR 3211 (a) (7) where “it fails to plead specific factual allegations demonstrating that, but for the . . . defendant[⅛] alleged negligence, there would have been a more favorable outcome in the underlying proceeding or that the plaintiff would not have incurred any damages” (Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813 [2013]; see Benishai v Epstein, 116 AD3d at 728). Here, construing the complaint liberally, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the complaint failed to plead specific factual allegations demonstrating that, but for Friedman’s alleged negligence, there would have been a more favorable outcome in the underlying matrimonial action (see Benishai v Epstein, 116 AD3d at 728; Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d at 1083). Accordingly, the Supreme Court properly determined that the complaint failed to state a cause of action to recover damages for legal malpractice, and properly granted dismissal of that cause of action.
 

 Moreover, the Supreme Court properly granted dismissal of the cause of action alleging breach of fiduciary duty, as it was duplicative of the cause of action alleging legal malpractice (see Rosenbaum v Sheresky Aronson Mayefsky & Sloan, LLP, 100 AD3d 731, 732-733 [2012]; Rock City Sound, Inc. v Bashian & Farber, LLP, 74 AD3d 1168, 1171 [2010]).
 

 The defendants were also entitled to dismissal of the cause of action alleging a violation of Judiciary Law § 487, albeit on a ground different from that articulated by the Supreme Court. “[A]n injury to the plaintiff resulting from the alleged deceitful conduct of the defendant attorney is an essential element of a cause of action based on a violation” of Judiciary Law § 487 (Rozen v Russ & Russ, P.C., 76 AD3d 965, 968 [2010]). Thus, to state a cause of action alleging a violation of Judiciary Law § 487, the plaintiff must “plead allegations from which damages attributable to the defendants’ conduct might be reasonably inferred” (Mizuno v Nunberg, 122 AD3d 594, 595 [2014] [internal quotation marks and brackets omitted]; see Gumarova v Law Offs. of Paul A. Boronow, PC., 129 AD3d 911, 912 [2015]; Mizuno v Barak, 113 AD3d 825, 827 [2014]). Here, the plaintiff failed to plead that he suffered any damages as a result of Friedman’s alleged misconduct.
 

 The parties’ remaining contentions either are without merit or need not be reached in light of our determination.
 

 Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.