Aristakesian v Ballon Stoll Bader & Nadler, P.C. (2018 NY Slip Op 07084)





Aristakesian v Ballon Stoll Bader & Nadler, P.C.


2018 NY Slip Op 07084


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-04484
 (Index No. 701785/16)

[*1]Ashot Aristakesian, respondent, 
v
Ballon Stoll Bader & Nadler, P.C., appellant.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Brian Pete, Jeffrey Spiegel, and Rebecca Goldstein of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for legal malpractice and violations of Judiciary Law § 487, the defendant appeals from an order of the Supreme Court, Queens County (Cheree A. Buggs, J.), dated April 10, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third causes of action, alleging violations of Judiciary Law § 487, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The defendant law firm represented the plaintiff as an intervenor in an action commenced by the plaintiff's sister Lucy Haroutounian against the plaintiff's brother Zakar Aristakesian (hereinafter Zakar). The action was to quiet title to real property located in Queens, where the plaintiff had long resided with his family. The plaintiff claims that Zakar pledged to transfer his 50% interest in that property to the plaintiff. It was allegedly determined in that action that the subject property was owned by Haroutounian and Zakar.
The plaintiff subsequently commenced this action alleging, under the first cause of action, legal malpractice for, inter alia, failing to assert a claim for specific performance of his agreement with Zakar in the prior action, and, under the second and third causes of action, violations of Judiciary Law § 487. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, and the Supreme Court denied the motion. The defendant appeals.
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442, quoting McCoy v Feinman, 99 NY2d 295, 301-302). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828).
Here, contrary to the defendant's contention, the complaint adequately alleged the required element of causation. Specifically, the complaint, construed liberally (see Chanko v American Broadcasting Cos., Inc., 27 NY3d 46, 52), alleged that the defendant proximately caused the plaintiff damages by, among other things, negligently failing in the prior action to assert a specific performance cause of action, on which the plaintiff would have prevailed. Further, the complaint contained specific factual allegations supporting the claim that the plaintiff would have prevailed in the prior action had such a cause of action been asserted (cf. Maroulis v Sari M. Friedman, P.C., 153 AD3d 1250, 1251; Benishai v Epstein, 116 AD3d 726, 727). In particular, as elaborated in his affidavit submitted in opposition to the motion to dismiss (see Chanko v American Broadcasting Cos., Inc., 27 NY3d at 52), the plaintiff alleged that he had a written agreement with Zakar, whereby Zakar was to transfer a 50% interest in the property, that the plaintiff had performed all of his obligations under that agreement and forwarded Zakar a deed to be executed in favor of the plaintiff, but that Zakar, despite having accepted the plaintiff's performance, refused to execute the deed (see E & D Group, LLC v Vialet, 134 AD3d 981, 983; cf. Friedman v Miale, 69 AD3d 789). Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the legal malpractice cause of action.
However, the Supreme Court should have directed dismissal of the second and third causes of action, alleging violations of Judiciary Law § 487. Under Judiciary Law § 487, an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable to the injured party for treble damages. "[V]iolation of Judiciary Law § 487 requires an intent to deceive, whereas a legal malpractice claim is based on negligent conduct" (Moormann v Perini & Hoerger, 65 AD3d 1106, 1108 [citation omitted]; see Gorbatov v Tsirelman, 155 AD3d 836, 838).
Here, the plaintiff claimed that the defendant violated Judiciary Law § 487 by representing the plaintiff in the prior action after having formerly represented Zakar in that action, and by failing to discuss this potential conflict of interest with the plaintiff. However, since the plaintiff's complaint reveals that he was fully aware, at the time he retained the defendant, that the defendant had previously represented Zakar, his allegations do not set forth any facts from which an intent to deceive him could be inferred (see Zambito v Ryan, 125 AD2d 462; cf. Izko Sportswear Co., Inc. v Flaum, 25 AD3d 534). Accordingly, the complaint failed to state a cause of action for violations of Judiciary Law § 487 (see Ehrenkranz v 58 MHR, LLC, 159 AD3d 872, 872; Shaffer v Gilberg, 125 AD3d 632, 636; Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 759).
The defendant's remaining contentions are without merit.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court