Glenwayne Dev. Corp v James J. Corbett, P.C. (2019 NY Slip Op 06069)





Glenwayne Dev. Corp v James J. Corbett, P.C.


2019 NY Slip Op 06069


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03703
 (Index No. 609329/17)

[*1]Glenwayne Development Corp., respondent,
v
James J. Corbett, P.C., etc., et al., appellants.


Winget, Spadafora & Schwartzberg, LLP, New York, NY (Anthony D. Green of counsel), for appellants.
Law Offices of David A. Antwork, P.C., Merrick, NY, for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered February 8, 2018. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The defendants, James J. Corbett, P.C., and James J. Corbett, represented the plaintiff in an underlying action involving property damage allegedly caused by the plaintiff's tenant. After the underlying action settled, the plaintiff commenced this action against the defendants to recover damages for legal malpractice, alleging that it could have achieved a better outcome in the underlying action had the defendants not negligently failed to assert a cross claim against a third-party defendant in that action. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court denied the motion, and the defendants appeal.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63; Leon v Martinez, 84 NY2d 83, 88).
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442, quoting McCoy v Feinman, 99 NY2d 295, 301; see Darby & Darby v VSI Intl., 95 NY2d 308, 313). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Davis v Klein, 88 NY2d 1008, 1009). A legal malpractice cause of action "is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the [*2]mistakes of counsel" (Bernstein v Oppenheim & Co., 160 AD2d 428, 430; see Maroulis v Sari M. Friedman, P.C, 153 AD3d 1250, 1251; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813; Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083).
In support of their motion, the defendants submitted the transcript of the court proceeding setting forth the terms of the settlement of the underlying action, which conclusively established that the plaintiff was not coerced into settling (see Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 757; Pacella v Whiteman Osterman & Hanna, 14 AD3d 545; Laruccia v Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, 295 AD2d 321, 322). The plaintiff's allegations that it was coerced into settling the underlying action were utterly refuted by the admissions of its principals during the settlement proceeding that they had discussed the terms of the settlement with their attorneys, understood the settlement terms, and had no questions about them; that they were entering into the settlement freely, of their own volition, and without undue influence or coercion; and that they were satisfied with their legal representation (see Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d at 757-758; Boone v Bender, 74 AD3d 1111, 1113).
Accordingly, the defendants were entitled to dismissal of the complaint pursuant to CPLR 3211(a)(1).
The defendants' remaining contention need not be addressed in light of our determination.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court