Kahlon v DeSantis (2020 NY Slip Op 02464)





Kahlon v DeSantis


2020 NY Slip Op 02464


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2017-07759
2017-07760
 (Index No. 607456/16)

[*1]Yossef Kahlon, etc., et al., appellants, 
v
Michael . DeSantis, etc., et al., respondents.


Silverberg P.C., Central Islip, NY (Karl J. Silverberg of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Meredith D. Belkin and Mariah C. Rice of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered June 15, 2017, and (2) a judgment of the same court entered June 20, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiffs dismissing the complaint, and awarded the defendants costs and disbursements in the sum of $340.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). To state a cause of action to recover damages for legal malpractice, a plaintiff must allege that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of duty proximately caused the plaintiff actual and ascertainable damages (see Held v Seidenberg, 87 AD3d 616, 617). A plaintiff need only plead allegations from which damages attributable to the defendant's malpractice might be reasonably inferred (see Fielding v Kupferman, 65 AD3d 437, 442; Kempf v Magida, 37 AD3d 763, 764). However, "[a] complaint in a legal malpractice action will be dismissed pursuant to CPLR 3211(a)(7) where it fails to plead specific factual allegations demonstrating that, but for the . . . defendant['s] alleged negligence, there would have been a more favorable outcome in the underlying [*2]proceeding or that the plaintiff would not have incurred any damages'" (Benishai v Epstein, 116 AD3d 726, 728, quoting Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813).
Here, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging legal malpractice. Accepting as true the facts alleged in the complaint, and according the plaintiffs the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the conclusory allegations of the complaint failed to adequately plead specific facts to establish that, but for the defendants' alleged negligent conduct, the outcome in the underlying action would have been any more favorable to the plaintiffs, or that the plaintiffs would not have incurred any damages (see Benishai v Epstein, 116 AD3d at 728; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 813; Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083). Accordingly, the complaint failed to state a cause of action to recover damages for legal malpractice.
Additionally, the plaintiffs' remaining causes of action are duplicative of the legal malpractice cause of action, since they arise from the same facts as those underlying the legal malpractice cause of action and do not allege distinct damages; hence, they are similarly subject to dismissal (see Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d 822, 823; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 813). Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' motion which were to dismiss those causes of action.
The plaintiffs' remaining contentions either need not be reached in view of the foregoing, or are without merit.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court