Rudovic v Law Off. of Timothy A. Green (2021 NY Slip Op 06873)





Rudovic v Law Off. of Timothy A. Green


2021 NY Slip Op 06873


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2017-04964
 (Index No. 61297/16)

[*1]Zefa Rudovic, appellant, 
v
Law Office of Timothy A. Green, etc., et al., respondents.


Bogan Law Group, LLC, New York, NY (Mary Beth Bogan of counsel), for appellant. 
Traub Lieberman Straus LLP, Hawthorne, NY (Hillary J. Raimondi of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated April 7, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In August 2016, the plaintiff commenced this action against the defendants, former counsel to the plaintiff, to recover damages for legal malpractice, breach of contract, and breach of fiduciary duty arising from the defendants' representation of the plaintiff in an action against, among others, the plaintiff's brother (hereinafter the underlying action). The plaintiff alleged, inter alia, that the defendants forced the plaintiff to sign a second retainer agreement and improperly asserted a retaining lien on the original file in the underlying action. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated April 7, 2017, the Supreme Court granted the defendants' motion, and the plaintiff appeals. We affirm.
In determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1506). A cause of action alleging legal malpractice should set forth facts showing that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505; Dempster v Liotti, 86 AD3d 169, 176). The plaintiff must plead actual ascertainable damages resulting from the attorney's negligence (see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506; Dempster v Liotti, 86 AD3d at 177).
Here, the Supreme Court properly determined that the complaint failed to state a cause of action to recover damages for legal malpractice. Viewing the complaint in the light most favorable to the plaintiff (see Leon v Martinez, 84 NY2d at 87-88), it failed to plead specific factual [*2]allegations as to proximate cause. The plaintiff failed to allege facts that would demonstrate that, but for the defendants' alleged negligence, there would have been a more favorable outcome in the underlying action or that the plaintiff would not have incurred any damages (see Benishai v Epstein, 116 AD3d 726, 728; see also Cohen v Hack, 118 AD3d 460, 460). The complaint also failed to adequately allege actual, ascertainable damages (see Denisco v Uysal, 195 AD3d 989, 991; Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506).
The causes of action sounding in breach of fiduciary duty and breach of contract also were properly dismissed, as they were based on the same facts underlying the legal malpractice cause of action and did not allege distinct damages (see Cali v Maio, 189 AD3d 1337, 1339; Maroulis v Sari M. Friedman, P.C., 153 AD3d 1250, 1252).
The parties' remaining contentions are without merit.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court