Kowalski v Gold Benes, LLP (2024 NY Slip Op 05967)

Kowalski v Gold Benes, LLP

2024 NY Slip Op 05967

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-05582
 (Index No. 611298/21)

[*1]Colin D. Kowalski, et al., appellants, 
v
Gold Benes, LLP, et al., respondents.

Law Offices of David A. Antwork, P.C., Merrick, NY, for appellants.
Goldberg Segalla LLP, Buffalo, NY (Meghan M. Brown and William T. O'Connell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered May 25, 2022. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiffs commenced this action to recover damages for legal malpractice against the defendants. The plaintiffs alleged, among other things, that they retained the defendants to represent them in an action to recover damages for personal injuries the plaintiff Colin D. Kowalski allegedly sustained in a motor vehicle accident (hereinafter the underlying action) and that due to the defendants' failures to pursue a theory based on a violation of Vehicle and Traffic Law § 509(3), the plaintiffs were not able to obtain a verdict in their favor in the underlying action. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered May 25, 2022, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715). "Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965, 967; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
To state a cause of action to recover damages for legal malpractice, "a plaintiff must allege that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately [*2]caused plaintiff to sustain actual and ascertainable damages" (Lam v Weiss, 219 AD3d 713, 716 [alterations and internal quotation marks omitted]; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 716). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence" (Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d 822, 823; see Lam v Weiss, 219 AD3d at 716). "A plaintiff is not obligated to show, on a motion to dismiss, that it actually sustained damages" (Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d at 823). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Churong Liu v Gabbay, 219 AD3d 459, 460 [internal quotation marks omitted]; see Maursky v Latham, 219 AD3d 473, 474-475).
Here, the Supreme Court erred in granting dismissal of the complaint pursuant to CPLR 3211(a)(7). Accepting the allegations in the complaint as true and according the plaintiffs the benefit of every possible favorable inference, the complaint states a cause of action for legal malpractice (see Ofman v Tenenbaum Berger & Shivers, LLP, 217 AD3d 960, 962). In the underlying action, the jury found that the non-settling defendant was not negligent. There is no dispute that the defendants herein did not present any evidence to support a negligence per se theory.
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court